
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLIED PROFESSIONALS INSURANCE COMPANY, an Arizona corporation, | No. 10-56968 |
| | D.C. No. 8:10-cv-00414-AG-MLG |
| Plaintiff - Appellee, | |
| v. | MEMORANDUM[*] |
| JOANNE KONG, an individual, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted May 11, 2012
Pasadena, California

Before: NOONAN and FISHER, Circuit Judges, and GRITZNER, Chief District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James E. Gritzner, Chief United States District Judge for the Southern District of Iowa, sitting by designation.

Joanne Kong appeals the district court's order affirming an arbitration award in favor of Allied Professionals Insurance Company. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I. Middle District of Florida Ruling

As an initial matter, because "appeals from reviewable decisions of the district . . . court[] *shall* be taken to . . . the court of appeals for the circuit embracing the district," 28 U.S.C. § 1294 (emphasis added), we do not reach Kong's assertion that the District Court for the Middle District of Florida erred by denying Kong's motion to remand and by granting Allied's motion to compel arbitration. Accordingly, this disposition has no preclusive effect on Kong's arguments that this case should be remanded to Florida state court because the District Court for the Middle District of Florida lacked subject matter jurisdiction under 28 U.S.C. § 1332(c); and that under the McCarran-Ferguson Act, 15 U.S.C. § 1012(b), Florida's insurance law reverse preempts the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, and prohibited the District Court for the Middle District of Florida from compelling arbitration in Orange County, California.

## II. Central District of California Ruling

The appeal from the order of the District Court for the Central District of California enforcing the arbitration award is properly before this court and is

2

reviewed *de novo*. *See New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501 F.3d 1101, 1105 (9th Cir. 2007). "A federal court may vacate an award if the arbitrator engages in misbehavior that prejudices a party, or if the arbitrator exceeds his powers in rendering such an award." *Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 731 (9th Cir. 2006) (citing 9 U.S.C. § 10(a)(3)-(4)). Under § 10 of the FAA, "[a]rbitrators exceed their powers in this regard not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational, or exhibits a manifest disregard of law." *Id.* (quoting *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (en banc)). To vacate an arbitration award for manifest disregard of the law, "[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) (alteration in original) (citation and internal quotation marks omitted).

We reject Kong's allegation that the District Court for the Central District of California lacked subject matter jurisdiction. Diversity of citizenship provides an independent basis of subject matter jurisdiction. *See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25 n.32 (1983). Complete diversity exists here because Kong is a Florida resident and Allied is an Arizona corporation. *See*

3

28 U.S.C. § 1332(a). The amount in controversy requirement is also satisfied because the subject of the arbitration was whether the Allied policy at issue covered an injury Kong suffered and the enforceability of an agreement between Kong and Allied's insured purportedly awarding Kong $1,115,000 compensatory damages and assigning Kong the right to enforce the award against Allied. *See id.*

Kong's personal jurisdiction challenge is similarly deficient because the policy's forum selection clause provided the district court with personal jurisdiction, *see United States v. Park Place Assocs., Ltd.,* 563 F.3d 907, 929 n.14 (9th Cir. 2009), and venue was proper because Orange County, California, is within the Central District of California, *see* 9 U.S.C. § 9 (stating that an application for the enforcement of an arbitration award "may be made to the United States court in and for the district within which such award was made").

Kong's final argument that the arbitrator demonstrated manifest disregard of the law by allowing the report of Allied's expert witness in violation of Federal Rule of Evidence 26 is unavailing. Even if such a violation occurred, it would not constitute a basis upon which to vacate the arbitration award. *See U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.,* 591 F.3d 1167, 1173 (9th Cir. 2010) ("[W]hen interpreting and applying the FAA, we are mindful not to impose the federal courts' procedural and evidentiary requirements on the arbitration proceeding;

4

rather, our responsibility is to ensure that the FAA's due process protections were afforded.").

Kong has failed to demonstrate that the arbitration award constitutes manifest disregard of the law.

## III. Motion for Sanctions

Following oral argument, Allied filed a motion under Federal Rule of Appellate Procedure 38 and 28 U.S.C. §1927 requesting that we impose sanctions on Kong's attorney for filing a frivolous appeal. We note that Kong has not taken the most prudent course in prosecuting her case, has been sanctioned at other stages of this litigation, and has caused undue delay in other forums. In addressing Kong's appeal from the enforcement of the arbitration award that is before this court, however, we cannot say that Kong's "arguments of error are wholly without merit." *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 828 (9th Cir. 2009) (citation and internal quotation marks omitted).

Allied's Motion for Sanctions is **denied**.

**AFFIRMED**.